WEBB *v.* STATE.

4333                                    176 S. W. 2d 915

Opinion delivered January 17, 1944.

*S. L. Richardson,* for appellant.

*Guy E. Williams,* Attorney General, and *Earl N. Williams,* Assistant Attorney General, for appellee.

SMITH, J.   Appellant was tried and convicted for a violation of § 3073, Pope's Digest, which is a part of the chapter on False Pretenses and Frauds. Omitting its formal parts, the indictment charges that appellant sold Sallee Bros. Handle Mill six cubic feet of hickory timber, for which the price would have been $1.35, and

that he received from the scaler, who measured the timber for the handle company, a ticket showing the delivery to the mill of six cubic feet, but that appellant had added a figure six, which made the ticket show delivery of 66 cubic feet, for which he received a check for $14.85, thereby defrauding the mill company out of the difference between the price of six cubic feet and 66 cubic feet, or the sum of $13.50.

The testimony shows that certain persons, who testified as witnesses for the state, followed the practice in frequent instances of altering the tickets given the haulers of the timber delivered to the mill, and that this practice was suggested by appellant. The testimony showed that these parties hauled both soft timber and hickory, the soft timber being conveyed on a truck, and the hickory in a trailer, and that the soft timber was delivered to the Spencer Mill and the hickory timber to the Sallee Mill.

Specifically, the testimony shows that appellant delivered five or six loads of hickory timber to the Sallee Mill during the months of June and July, 1942, and that these loads ran from three to eight feet, and no load was thought to be over eight feet.

On July 15, 1942, there was issued to appellant a check, signed by Sallee Bros., for $14.85, which check, like all others, was given for the timber, being based upon the scaler's tickets showing the timber delivered, and is the price of 66 feet. The cashier of the bank on which the check was drawn identified the indorsement of appellant's name on the check as being in appellant's handwriting. Four other checks were issued to and indorsed by appellant during the months of June and July, 1942, the smallest of these being for $2.25.

For reversal of the judgment sentencing appellant to a term of one year in the penitentiary, it is insisted that, apart from the evidence of one Wilcox, the testimony is not sufficient to sustain the conviction, in that the testimony of Wilcox is not corroborated. Wilcox testified that, at the suggestion of Webb, they both

altered tickets given them by the scaler who measured the timber, and that they were thereby enabled to collect for more timber than they had sold and delivered to the Sallee Mill. There is no question about the competency of Wilcox's testimony. The insistence is that it was not sufficiently corroborated.

We do not agree. There was sufficient corroboration of the testimony of Wilcox. Indeed, we are not prepared to say that, independently of the testimony of Wilcox, the testimony was not sufficient to sustain the conviction. Appellant did not testify, and no testimony was offered on his behalf, but the court charged the jury that ". . . The fact that the defendant did not testify in the case, is not to be taken as a circumstance against him." But the testimony shows that save only the check for $2.25, all the other checks were for sums much larger than would have been required to pay for the timber which appellant delivered, thus showing the method or plan pursued by appellant in obtaining money fraudulently from Sallee Mill. We think the conclusion is fairly and reasonably deducible, if not inescapable, that appellant procured the issuance of the $14.85 check described in the indictment, by fraudulently changing and increasing the figure upon the ticket issued by the scaler who had measured his timber.

It is insisted that upon the subject of the sufficiency of testimony to corroborate an accomplice, the court refused a correct instruction and gave an incorrect instruction. The instruction refused reads as follows: "You are further instructed that before you can find that the testimony of the accomplice, Marion Wilcox, is sufficiently corroborated under the law, you must find from other evidence in the case, independently and without the aid of the testimony of the accomplice, evidence which, wholly within itself, convinces you beyond a reasonable doubt that the defendant is connected with the commission of the offense charged against him, and unless you so find it is your duty to acquit him."

The instruction given reads as follows: "It is not necessary, gentlemen, before you find the defendant

guilty, to find that the corroborating evidence, if any, convinces you beyond a reasonable doubt, by itself, of the guilt of the defendant; but, it is necessary for the corroborating evidence to be such as tends to connect the defendant with the commission of the offense alleged; and, it is not sufficient if it merely shows the commission of the offense, or of any offense, and the circumstances thereof; and it is necessary that the corroborating evidence be of such a nature, taken together with the testimony of the accomplice, Marion Wilcox, and all the other evidence in the case, it convinces you beyond a reasonable doubt of the guilt of the defendant."

We think the instruction given was a correct declaration of the law, and that the one refused was not. Section 4017, Pope's Digest, provides that: "A conviction cannot be had in any case of felony upon the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows that the offense was committed, and the circumstances thereof. Provided, in misdemeanor cases a conviction may be had upon the testimony of an accomplice."

This statute has been construed in many cases, one of the latest being that of *Underwood* v. *State*, 205 Ark. 864, 171 S. W. 2d 304, where a number of prior decisions are cited. The holding in these and other cases was summarized in the statement: "The corroborating testimony required by this statute must be of a substantial character which, of itself and independently of the statement of the accomplice, tends in some degree to connect the defendant with the commission of the crime, although such evidence need not in itself be sufficient to support a conviction." (Citing cases.)

We have no hesitancy in holding that the testimony herein recited, independently of the testimony of Wilcox, tends in some degree to connect appellant with the crime of altering the tickets showing the quantity of timber which had been measured and delivered. The testimony does not show that appellant, personally, altered the

scaler's ticket, nor does it show who made the alteration. But it is incredible that this alteration was made without appellant's knowledge, and consent, and participation. It was evidently done for his benefit. At any rate, he profited by that action, and the jury was fully warranted in finding that he knew a fraud was being committed, and that he was a party to it. The alteration of the ticket was only one step in the commission of the crime. The final and essential step was that of cashing the check, and this appellant did when he indorsed the check, otherwise it would not have been paid by the bank on which it was drawn. This made him a principal in the commission of the crime, but it is unimportant to consider whether he was a principal or a mere accessory. By § 25 of Initiated Act No. 3 it is provided that: "The distinction between principals and accessories before the fact is hereby abolished, and all accessories before the fact shall be deemed principals and punished as such. In any case of felony, when the evidence justifies, one indicted as principal may be convicted as an accessory after the fact; if indicted as accessory after the fact, he may be convicted as principal." Acts 1937, p. 1395.

We find the testimony is sufficient to sustain the conviction, and we find no error in the trial. The judgment must, therefore, be affirmed, and it is so ordered.